UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CRIMINAL NO. 09-242(DRD) |
| Plaintiff, | * | |
| v. | * | |
| OMAR VALENTIN-CINTRON, | * | |
| Defendant. | * | |

**ORDER AS TO BAIL TO RECEIVE IN PATIENT
DRUG TREATMENT**

The defendant, Omar Valentín-Cintrón, is charged with being a felon in possession under Title 18 U.S.C. § 922(g)(1). The Honorable Magistrate Judge Justo Arenas granted bail to receive in patient drug treatment. (Docket No. 12.) The United States moved for a stay. The Magistrate Judge immediately granted the request. The United States filed a Memorandum for Revocation at Docket 11 on July 21, 2009. The defendant filed a response, Docket 13 on July 22, 2009. The court held a hearing on August 27, 2009, Docket No. 16. After carefully considering the memorandums of the parties, the court is ready to rule.

The Court must first determine whether the crime per se of felon in possession under 18 U.S.C. 922(g)(1) constitutes a crime of violence under 18 U.S.C. 3142 (e) and (f)(1)(A) triggering the rebuttable presumption of "danger to the community" and/or "flight of risk." The court concludes it does not. The court briefly explains.

1

Although there was a split amongst circuits on the matter, after the Supreme Court case of Leocal v. Ashcroft, 543 U.S. 1, 10-11 (2004), most circuits have decided that the court must examine "not the general conduct or the possibility that harm will result from a person's conduct, **but the risk that the use of physical force against another** might be **required in committing the crime."** (Emphasis supplied by United States v. Serafin, 562 F.3d 1105, 1108 (10th Cir. 2009) citing Leocal v. Ashcroft, 543 U.S. at 10-11. The case of Serafin recogizes the circuit court splits: United States v. Ingle, 454 F.3d 1082, 1085-1086 (10th Cir. 2006); United States v. Hall, 456 F.3d 1333,1335 (3rd Cir. 2006); United States v. Lane, 252 F.3d 905, 907 (7th Cir. 2001) (all holding that 922(g)(1) weapons' violations are not per se a "violent crime" under the firearm statute which statute reads similarly to the Bail Reform Act. (See parallel definition analysis at Serafin, 562 F.2d at 1105 Fn. 4.) But there are Circuit Court cases holding the contrary: United States v. Jennings, 195 F.3d 795, 798 (5th Cir. 1999); United States v. Dunn, 946 F.2d 615, 621 (9th Cir. 1991); United States v. Amparo, 68 F.3d 1222 (9th Cir. 1995).

In the realm of the First Circuit, the court has located at least two cases: United States v. Doe, 960 F.2d 221, 222-224 (1st Cir. 1992) holding that a felon in possession of a firearm is not a "violent felony" for the purposes of mandating minimum prison terms of fifteen years under 18 U.S.C. 924(e) (the weapons law). The Doe case, however, was decided prior to the Supreme Court analysis of Leocal cited supra. In United States v. Fortes, 141 F.3d 1 (1st Cir. 1998), the Circuit Court of Appeals determined, also prior to Leocal, that a sawed-off shotgun was a violent felony under the Armed Career Criminal Act., (ACCC), 18 U.S.C. 924(e)(1).

The court is of the opinion that the correct analysis to determine whether or not a felon in possession for the purposes of the Bail Reform Act is the recent decision of the Tenth Circuit in Serafin:

> "In sum, we are persuaded that, in light of Leocal, our analysis must only focus on (1) whether an offense, by its nature, raises a substantial risk of physical force being employed, but also (2) whether the risk of force actually arises **in the course of committing the offense**, and not merely as a probable or even possible result." (Emphasis by the court at Serafin, 562 F.3d at 1114."

The court finds no fact alleged in the federal indictment "**in the course**" of committing the offense, leading to "a substantial risk of physical force." The court also adds that although the defendant possesses a long history of drug violations from teenager to adulthood none of the crimes charged violence nor use of weapons. Moreover, the criminal history facts proposed by the United States, as proffered in its memorandum for reconsideration (Docket 11), do not reach the required threshold of "substantial risk of physical force" while committing the offense or that "by its nature," the offense "raises a substantial risk of physical force." Id.

Hence, the court must conclude that the instant offense of felon in possession under 18 U.S.C. 922(g)(1) does not raise the rebuttable presumption of "dangerousness" and/or of "flight risk." United States v. Obrien, 895 F.2d 810, 814-815 (1st Cir. 1990).

The court is, therefore, required to examine the criteria set forth under 18 U.S.C. 3142(g) and determine whether as a whole the evidence under the standard of a preponderance of the evidence leads to bail or to detention. The criteria to determine the reasonable assurance of the appearance of the defendant and the safety to the community are the following: (1) the nature and circumstance of the offense . . . (2) the weight of the

evidence against the person, (3) the history and characteristics of the person including

(A) the person's character, physical and mental condition, family ties, employment, financial resources, etc,

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence, etc.

(4) the nature and seriousness of the danger to any person or the community that would be placed by the person's release.

The parties determined to follow the proffer of evidence at the de novo hearing as authorized under United States v. Acevedo-Ramos, 755 F.2d 203, 208 (1st Cir. 1985) (court citing history of the Bail Reform Act, House Judiciary proceedings). This court in deciding the final outcome is required to review the matter de novo. United States v. Tortora, 992 F.2d 880, 883 n. 4 (1st Cir. 1990).

We examine the criteria in *seriatim* fashion.

1. The nature and circumstance of the offense. The defendant is charged with a serious offense with a potential sentence of up to ten years. His prior state criminal record does not aid him. In addition to his record as a juvenile wherein at age sixteen he was sentenced to a three-year term of probation for his first criminal narcotics offense (around 1992), the defendant has three other criminal narcotics violations which severely increase his criminal history. He has in addition to his juvenile record a sentence of five years on December 1997 for a two count narcotics violations to be served concurrently. The defendant was further sentenced in August 2002 to one year of imprisonment for two counts related to narcotics violations, to be served concurrently; and a third concurrent

sentence of four years for seven counts of narcotics violations was imposed on April 2004 (heroin and cocaine). Most of the sentence crimes were originally charged as a conspiracy of possession with intent to distribute cocaine and/or heroin. The original charges were mostly reduced to mere possessions, although he was facing all of the time multi count conspiracies of possession with intent to distribute narcotic violations involving from two to seven counts. Finally, in September 2007 he was charged and sentenced ten months and fifteen days for domestic violence.[1] (Explaining the separation from one of the former consensual partners.) Undoubtedly as to the serious drug offenses the court did not find any incident of violence but certainly there exists a clear history of drug violations since juvenile at age 16 to adulthood, defendant has been found guilty at ages 19, 25, 27, 30 and 31 (the last of domestic charge). Defendant is currently thirty-three years old and now faces a felon in possession charge.

The instant offense constitutes, although not a crime of violence, a more serious offense considering his recidivism to drug violations, now enhanced to a felon in possession of a weapon. He has further continued with his life of crime notwithstanding the five convictions (including the juvenile adjudication and the domestic violence conviction). The characteristic of nature and circumstance of the offense standing alone pellucidly points to detention.

2. <u>The weight of the evidence</u>. The weight of the evidence is strong. Defendant was seen by the police potentially carrying a weapon. He entered a Burger King, went to the female bathroom and hid a weapon inside a trash can. The defendant ultimately accepted

---

[1] In addition thereto defendant was charged in the other occasions with narcotic violations wherein he was found with no probable cause or was found not guilty (1995, 2001, 2002).

that the hidden weapon belonged to him. Considering defendant's acceptance of the weapon, prima facie, the case against the defendant is strong.

     3. <u>The defendant's characteristics</u>. Defendant's characteristics are provided mainly from the Presentence Report. Defendant is thirty-three years old, does not have strong family ties. He had a consensual wife but is now separated. He has two female daughters ages twelve and ten with said first consensual partner. His mother lives in Florida with defendant's two siblings. He performs odd jobs in construction earning $320 a week, but does not recall the name of the company. He works full time and has been at the same construction job for seven months. Unfortunately he is a frequent and heavy drug user of heroin and marijuana. Defendant accepted the consumption of six bags of heroin daily since age sixteen; the drugs were last used five months prior to arrest. Defendant further yielded positive to opiates at arrest. (The possession of **cocaine** with intent to distribute charged in several counts in 2004 is not explained by being an addict to heroin and marijuana.)

    The defendant has an extensive criminal record. He has a juvenile record of narcotics (three-year term of probation); three felony narcotic cases involving from two to seven counts and sentences of five, one, and four years respectively; and, finally, a domestic violence conviction against a recent consensual partner. He has no mental health history.

    The characteristics of the person depict a person with minimal family ties (two consensual partners in the last three years); an extensive criminal narcotic record; a long history of drug addiction now under methadone that notwithstanding the medicine tested positive to opiates on the date of arrest. These characteristics all point to detention.

4. <u>Danger to the community</u>. The defendant's criminal history facing a sentence up to ten years makes defendant a "risk of flight" as he has ties in Florida (mother and siblings). Further, the steeper the sentence, accompanied by a strong case against him, and an extensive prior criminal history increases the probability of risk of flight. <u>United States v. Costiello</u>, 878 F.2d 554 (1st Cir. 1989).

Moreover, as the United States well expresses, in its Memorandum to Revoke, (Docket No. 11), drug use yields to frequent failure to appear at trial. Federal Bail and Detention Handbook at P. 5-4 citing Congressional Findings as to drug consumer's failure to appear at S. Rep. No. 225, 98th Congress 1st Sess. 23-25 NN. 66, 68. As a frequent drug user defendant constitutes a "flight risk." He is further a "flight risk" considering his extensive criminal record, the strong case of the United States in the instant case and the potential harsh sentence.

The court understands the sensibility of the Honorable Magistrate Judge in attempting to mitigate defendant's drug addiction dependency by granting bail to take in-patient drug treatment. Notwithstanding, there is absolutely no custody at the in patient drug treatment facility. The total lack of custody activates the defendant's "risk of flight" since he is facing a ten-year maximum sentence and he can simply walk away from the facility. Defendant further, having alleged to the pre-trial officer that he had not taken drugs for five months, tested positive to opiates upon arrest. He further alleged to be under methadone treatment but tested positive as stated above. Finally, the court did not observe him to be nervous or distressed at the bail hearing fighting drug addiction withdrawal symptoms. Hence, detention under the standard of "preponderance of the evidence" for "flight risk" is fully satisfied. <u>United States v. Patriarca</u>, 948 F.2d 789, 793 (1st Cir. 1991).

The court, therefore, **ORDERS DETENTION** for defendant Omar Valentín-Cintrón.

**IT IS SO ORDERED**.

At San Juan, Puerto Rico, this 23rd day of September 2009.

                                                  s/Daniel R. Domínguez
                                                  **Daniel R. Domínguez**
                                                  **U.S. District Judge**